**PETER C. ANDERSON**
**UNITED STATES TRUSTEE**
JILL M. STURTEVANT, State Bar No. 089395
ASSISTANT UNITED STATES TRUSTEE
ERYK R. ESCOBAR, State Bar No. 281904
TRIAL ATTORNEY
**OFFICE OF THE UNITED STATES TRUSTEE**
915 Wilshire Blvd., Suite 1850
Los Angeles, California 90017
(202) 934-4168 telephone
(213) 894-2603 facsimile
Email: eryk.r.escobar@usdoj.gov

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>TAREL DESHUN MEEKS, fdba Last Kings,<br><br>Debtor. | Case No.: 2:19-bk-23548-RK<br><br>Chapter 7<br><br>Adv. No.: 2:21-ap-\_\_\_\_\_-RK |
| UNITED STATES TRUSTEE FOR REGION 16<br><br>Plaintiff<br><br>v.<br><br>TAREL DESHUN MEEKS, fdba Last Kings<br><br>Defendant. | **COMPLAINT TO REVOKE THE DEBTOR'S DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(d)(1) and (2)**<br><br>[Hearing Date Set by Summons] |

Plaintiff, Peter C. Anderson, United States Trustee for the Central District of California, Region 16 ("Plaintiff" or "U.S. Trustee"), by the undersigned attorney, respectfully represents and alleges as follows:

//

//

//

- 1 -

**STATEMENT OF JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. § 727(d), and Federal Rule of Bankruptcy Procedure ("Rule") 7001(4). This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

2. This proceeding arises in an relates to the Chapter 7 bankruptcy case of TAREL DESHUN MEEKS ("Defendant" or "Debtor"), case number 2:19-bk-23548-RK, which Debtor commenced by the filing of a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code on November 18, 2019 and is now pending in this Court. Thus, venue is proper pursuant to 28 U.S.C. § 1409.

3. Section 727(e) of the Bankruptcy Code[1] provides that the U.S. Trustee may request a revocation of a discharge within one year after such discharge is granted. Debtor's discharge was granted on February 24, 2020. As such, this complaint is timely filed.

**PARTIES TO THE ACTION**

4. As of the commencement date of this action, Plaintiff is the United States Trustee for the Central District of California, Region 16.

5. Defendant's address on his bankruptcy petition shows his residence as 712 North Orange Grove, Los Angeles, CA 90046. Accordingly, Defendant will be served at this address.

**STATEMENT OF STANDING**

6. Plaintiff, as the United States Trustee for the Central District of California, Region 16, has standing to bring this action under §§ 307 and 727.

**GENERAL ALLEGATIONS**

**The Bankruptcy Case**

7. Plaintiff hereby incorporates by reference paragraphs 1 through 6 inclusive, as if fully set out herein.

---

[1] The Bankruptcy Code refers to 11 U.S.C. §§ 101-1532, as amended. Unless otherwise indicated, all section references shall be to the Bankruptcy Code.

- 2 -

8. On November 18, 2019, Defendant commenced the instant bankruptcy case (the "Bankruptcy Case") by filing an individual Chapter 7 petition and related schedules and statements (the "Bankruptcy Documents"). Brad D. Krasnoff was appointed the Chapter 7 Trustee ("Trustee").

9. The Bankruptcy Documents were signed by Defendant under penalty of perjury.

10. In Schedule A/B, Defendant listed a total of $17,055.63 in assets, including:

    a. In response to question 7, miscellaneous electronics with a then-current value of $1,000.00.

    b. In response to question 9, which requires a debtor to disclose ownership of, or any legal or equitable interest in equipment for sports and hobbies, Defendant checked the "No" box, indicating he did not own or hold any such interests in the same.

    c. In response to question 11, clothes with a then-current value of $1,000.00.

    d. In response to question 12, which requires a debtor to disclose ownership of, or any legal or equitable interest in jewelry, Defendant checked the "No" box, indicating he did not own or hold any such interests in the same.

    e. In response to question 14, which requires a debtor to list any ownership of, or any legal or equitable interest in "any other personal and household items you did not already list . . .," Defendant checked the "No" box, indicating he did not own or hold any such interests in the same.

    f. In response to question 30, which requires which requires a debtor to list any ownership of, or any legal or equitable interest in "other amounts someone owes you," Defendant checked the "No" box, indicating he did not own or hold any such interests in the same.

    g. In response to question 31, which requires a debtor to list any ownership of, or any legal or equitable interest in "interests in insurance policies," Defendant listed a life insurance cash value with a then-current value of $704.00.

    h. In response to question 33, which requires which requires a debtor to list any ownership of, or any legal or equitable interest in "claims against third parties, whether or

- 3 -

1   not you have filed a lawsuit or made a demand for payment," Defendant checked the "No"
2   box, indicating he did not own or hold any such interests in the same.

3   11.   The Court set Defendant's initial meeting of creditors pursuant to § 341(a) (the
4   "341(a) Meeting") for December 19, 2019. Accordingly, February 18, 2020, was set as the
5   deadline for objections to Defendant's discharge.

6   12.   At the 341(a) Meeting, Defendant testified under oath that his Bankruptcy
7   Documents were true and correct, and that he had listed all his assets and creditors. He also
8   testified that there were no mistakes in his Bankruptcy Documents. Lastly, he testified that he had
9   not transferred anything worth more than $5,000.00 to anyone in the last four years.

10  13.   On December 20, 2019, the Trustee filed his report that there were no assets to be
11  administered.

12  14.   As of February 18, 2020, no complaints objecting to Defendant's discharge had been
13  filed.

14  15.   On February 24, 2020, Defendant's discharge was entered.

15  16.   On February 25, 2020, the Court entered an order closing the Bankruptcy Case,
16  discharging the Trustee from his duties in this case, and exonerating the Trustee's bond.

17  17.   On or about March 10, 2020, the Trustee received information from a representative
18  of Farmers Insurance Company ("Farmers Insurance") regarding the existence of a pending theft
19  loss claim, previously submitted by Defendant, related to his reported loss of a ring and other stolen
20  items such as a photo equipment and hobby items.

21  18.   On March 13, 2020, the U.S. Trustee filed a motion to reopen the Bankruptcy Case
22  and directed the appointment of a Chapter 7 Trustee to investigate Defendant's theft loss claim and
23  administer such previously undisclosed assets.

24  19.   On March 18, 2020, the Court entered an order reopening the Bankruptcy Case and
25  directing the appointment of a Chapter 7 Trustee.

26  20.   On March 23, 2020, the Trustee was reappointed in the Bankruptcy Case.

27  21.   On April 14, 2020, the Trustee withdrew his previously filed report of no
28  distribution, and, on December 18, 2020, filed a notice of assets.

**The Undisclosed Assets**

22. Plaintiff is informed and believes that Defendant received a Louis Vuitton duffle bag as a gift, on or about June 17, 2016, and that Defendant valued the same at $5,500.00 as of February 10, 2020, two weeks before his discharge was entered. This asset was not disclosed in Schedule A/B.

23. Plaintiff is informed and believes that Defendant obtained an insurance policy with Farmers Insurance on or about January 23, 2017. This asset was not disclosed in Schedule A/B.

24. Plaintiff is informed and believes that Defendant purchased an 18k white gold ring, on or about January 23, 2017, and that Defendant valued the same at $50,000.00 as of February 10, 2020. This asset was not disclosed in Schedule A/B.

25. Plaintiff is informed and believes that, on or about an unknown date after January 23, 2017, Debtor transferred the 18k white gold ring to his fiancée.

26. Plaintiff is informed and believes that Defendant purchased a Canon Mark IV camera, on or about August 17, 2017, and that Defendant valued the same at $3,097.45 as of February 10, 2020. This asset was not disclosed in Schedule A/B.

27. Plaintiff is informed and believes that Defendant received a Gucci duffle bag as a gift, on or about December 25, 2017, and that Defendant valued the same at $3,600.00 as of February 10, 2020. This asset was not disclosed in Schedule A/B.

28. Plaintiff is informed and believes that Defendant purchased a Kino Flo light kit, on or about December 19, 2018, and that Defendant valued the same at $2,873.00 as of February 10, 2020. This asset was not disclosed in Schedule A/B.

29. Plaintiff is informed and believes that Defendant purchased a Sennheiser microphone, on or about January 15, 2019, and that Defendant valued the same at $999.00 as of February 10, 2020. This asset was not disclosed in Schedule A/B.

30. Plaintiff is informed and believes that Defendant purchased a Zoom portable recorder, on or about January 15, 2019, and that Defendant valued the same at $329.00 as of February 10, 2020. This asset was not disclosed in Schedule A/B.

31. Plaintiff is informed and believes that Defendant filed a claim with Farms Insurance on or about January 31, 2020 related to a purported theft on January 29, 2020 (the "Theft Loss Claim," and, together with the assets listed in ¶¶ 22-30, the "Undisclosed Assets").

32. Plaintiff is informed and believes that Defendant submitted a proof of loss (the "Proof of Loss") to Farmers Insurance in support of his Theft Loss Claim wherein he claimed a loss in excess of $69,000.00 of personal property.

33. Plaintiff is informed and believes that, in the Proof of Loss, Defendant averred to Farmers Insurance that he was the sole owner of the Undisclosed Assets.

34. Plaintiff is informed and believes that, on or about March 13, 2020, Farmers Insurance informed Defendant that Farmers Insurance's counsel intended to examine Defendant under oath concerning the assertions made in the Theft Loss Claim.

35. Plaintiff is informed and believes that Defendant advised Farmers Insurance that he was unwilling to comply with their request. Thus, on or about March 19, 2020, Farmers Insurance closed Defendant's Theft Loss Claim.

## FIRST CLAIM FOR RELIEF

## [11 U.S.C. § 727(d)(1)]

36. Plaintiff hereby incorporates by reference paragraphs 1 through 35 inclusive, as if fully set out herein.

37. Section 727(d)(1) provides that, upon request of the U.S. Trustee, the Court shall revoke a discharge if "such discharge was obtained through fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge."

38. Based upon Defendant's conduct described above, including, but not limited to, his false oaths concerning his ownership interest in the Undisclosed Assets, as well as his concealment of estate property and transfers of the same from the Trustee, Debtor obtained his discharge through fraud.

//

//

39. Plaintiff had no knowledge of the false oaths or concealment of estate property as of February 18, 2020, the last day that objections to Defendant's discharge could be filed. In fact, Defendant continued to conceal his ownership interest in the Undisclosed Assets through the date of the entry of his discharge. Only after a discharge was entered did the Trustee, and subsequently, Plaintiff become aware of the false oaths and concealment of estate property.

40. Accordingly, the Court should revoke Defendant's discharge pursuant to § 727(d)(1).

## SECOND CLAIM FOR RELIEF

## [11 U.S.C. § 727(d)(2)]

41. Plaintiff hereby incorporates by reference paragraphs 1 through 35 inclusive, as if fully set out herein.

42. Section 727(d)(2) provides that, upon request of the U.S. Trustee, the Court shall revoke a discharge if "the debtor acquired property that is property of the estate . . . and knowingly and fraudulently failed . . . to deliver or surrender such property to the trustee."

43. Plaintiff is informed and believes that the Undisclosed Assets are property of the estate within the meaning of § 727(d)(2).

44. Plaintiff is informed and believes that, based on Defendant's conduct described above, including, but not limited to, his false oaths concerning his ownership interest in the Undisclosed Assets, as well as his concealment of estate property from the Trustee, Defendant knowingly and fraudulently failed to deliver to the Trustee the Undisclosed Assets.

45. Accordingly, the Court should revoke Defendant's discharge pursuant to § 727(d)(2).

//

//

//

//

//

1    WHEREFORE, Plaintiff prays for judgment as follows:

**ON ALL CLAIMS FOR RELIEF**

A.    That Debtor's discharge be revoked; and

B.    For such other and further relief as the Court deems just and proper.

Dated:  February 22, 2021                    PETER C. ANDERSON
                                             UNITED STATES TRUSTEE


                                             /s/ Eryk R. Escobar
                                             By:  Eryk R. Escobar
                                                  Attorney for United States Trustee